# EXHIBIT 1

**State of Minnesota**                                    **District Court**

| County of: | Judicial District: | Fourth |
|---|---|---|
| Hennepin | Court File Number: | |
| | Case Type: | Employment |

Jane Doe

_____

Plaintiff

vs.

Unifi Aviation, LLC, f/k/a DAL Global Services, LLC

_____

Defendant

**Civil Summons**

This Summons is directed to (name of Defendant):

Unifi Aviation, LLC, f/k/a DAL Global Services, LLC

1.    **You are being sued.** The Plaintiff has started a lawsuit against you. The *Complaint* is attached to this *Summons*. Do not throw these papers away. They are official papers that start a lawsuit and affect your legal rights, even if nothing has been filed with the court and even if there is no court file number on this *Summons*.

2.    **You must BOTH reply, in writing, AND get a copy of your reply to the person/ business who is suing you within 21 days to protect your rights.** Your reply is called an *Answer*. Getting your reply to the Plaintiff is called service. You must serve a copy of your *Answer or Answer and Counterclaim* (Answer) within 21 days from the date you received the *Summons* and *Complaint*.

ANSWER: You can find the *Answer* form and instructions on the MN Judicial Branch website at www.mncourts.gov/forms under the "Civil" category. The instructions will explain in detail how to fill out the *Answer* form.

3.    **You must respond to each claim.** The *Answer* is your written response to the Plaintiff's *Complaint*. In your *Answer* you must state whether you agree or disagree with each paragraph of the *Complaint*. If you think the Plaintiff should not be given everything they asked for in the *Complaint*, you must say that in your *Answer*.

4.    SERVICE: **You may lose your case if you do not send a written response to the Plaintiff.** If you do not serve a written *Answer* within 21 days, you may lose this case by default. You will not get to tell your side of the story. If you choose not to respond, the Plaintiff may be

awarded everything they asked for in their *Complaint*. If you agree with the claims stated in the *Complaint*, you don't need to respond. A default judgment can than be entered against you for what the Plaintiff asked for in the *Complaint*.

To protect your rights, you must serve a copy of your *Answer* on the person who signed this *Summons* in person or by mail at this address:

P.O. Box 3904 Saint Paul, MN 55101-9909

5.    Carefully read the Instructions (CIV301) for the *Answer* for your next steps.

6.    **Legal Assistance.** You may wish to get legal help from an attorney. If you do not have an attorney and would like legal help:

- Visit www.mncourts.gov/selfhelp and click on the "Legal Advice Clinics" tab to get more information about legal clinics in each Minnesota county.

- Court Administration may have information about places where you can get legal assistance.

**NOTE: Even if you cannot get legal help, you must still serve a written *Answer* to protect your rights or you may lose the case.**

7.    **Alternative Dispute Resolution (ADR).** The parties may agree to or be ordered to participate in an ADR process under Rule 114 of the Minnesota Rules of Practice. You must still serve your written *Answer*, even if you expect to use ADR.

| Dated: | April 14, 2026 | | |
|---|---|---|---|
| | | Signature | |
| | | Name: | Jane Doe |
| | | Address: | P.O. Box 3904 |
| | | City/State/Zip: | Saint Paul, MN 55101-9909 |
| | | Telephone: | 651-371-7370 |
| | | E-mail address: | 17370@proton.me |

## State of Minnesota

## District Court

| County of: | Judicial District:    Fourth |
|---|---|
| Hennepin | Court File Number: _____ |
| | Case Type:    Employment |

Jane Doe
_____

**Civil Complaint**

Plaintiff
vs.

Unifi Aviation, LLC, f/k/a/ DAL Global Services, LLC
_____

_____
Defendant

The Plaintiff makes the following complaints against the Defendant:

If you have more than 1 complaint against Defendant, list each complaint separately, including any supporting facts.

1.
  Plaintiff Jane Doe is a resident in Minnesota and her address is P.O. Box 3904  Saint Paul, MN 55101-9909. Plaintiff is a ramp worker employed by Unifi Aviation, LLC ("Unifi") at MSP International Airport. During the COVID-19 era, Plaintiff experienced sexual assault off work sites and sexual harassment at the work site by the same employee.

2.
  Defendant is Unifi Aviation, LLC f/k/a/ DAL Global Services, LLC.
  Defendant's location is at 4300 Glumack Drive. Ste. C-1931B Saint Paul, MN 55111, its headquarters located at 950 E. Paces Street Suite 2000 Atlanta, GA.

3.
                                            Facts
  Plaintiff initiated a public safety concern and health related issues for this individual to initiate the report through a hotline in July 2022; however, Defendant closed its investigation despite Plaintiff having additional information to provide, along with series of sexual harassment and sexual assault as well as concerns regarding inconsistencies in FAA-related matters and potentially in CBP documentation.

  On or around January 24, 2023, Plaintiff verbally reported these issues to Department Ramp Manager C.W. in his office, following a discussion in the hotline report. During this conversation, Plaintiff briefly disclosed that she had been subjected to sexual assault by the same employee. C.W. stated that he would follow up after consulting with HR representative L.B. regarding the hotline report.  Plaintiff had no intention of disclosing

the name of the individual at that time.  Plaintiff had to go to an inbound flight at Concourse A and was in the process of chocking and placing cones, C.W. followed and approached Plaintiff on the ramp in cold weather conditions, and requested the name of the individual involved. Plaintiff provided the name, and C.W. paused and immediately left the ramp. Shortly thereafter, C.W. texted Plaintiff asking her to call him. During the call, he informed Plaintiff about the Employee Assistance Program (EAP), stating that it could provide further assistance, and said he would send additional information by text.

However, C.W. did not follow up on his prior promise to inquire with HR regarding the hotline report, and Plaintiff is still awaiting that specific follow-up to date in order to provide additional information. Defendant's sponsored EAP later clarified that it would not be able to handle matters involving the employer, although EAP services are confidential.

On December 1, 2024, Plaintiff sent an email to the Chief People Officer, A.A., at Unifi's corporate headquarters in Atlanta. In the email, Plaintiff reported prior incidents of sexual assault by a coworker and requested a safe and confidential avenue to make such reports outside of the hotline or EAP. Plaintiff also asked whether she would be protected from retaliation and provided her identity, employee ID, and workstation information. Plaintiff sent a follow-up email to the Chief People Officer on December 7, 2024 and did not receive a response.

While awaiting a response, Plaintiff received an email on December 18, 2024 from HR.CORP@unifiservice.com notifying her that her personally identifiable information in her UKG profile had been modified. Plaintiff observed that the gender and ethnicity fields had been changed and did not match her information. Plaintiff contacted HRHelp@unifiservice.com regarding the changes. HR requested that Plaintiff provide identification documents, including a driver's license, Social Security card, birth certificate, or passport. Plaintiff requested whether she could present the requested documents in person. Plaintiff was informed that HR was not authorized to make changes or restore the information to its prior state. Plaintiff was also informed that the employer maintains two personnel files: one maintained by HR and another maintained by Ramp Managers. Plaintiff requested a copy of her personnel file from HR. The file provided included some ramp-related documentation; however, it did not contain all ramp-related records.

On or around December 17–19, 2024, Plaintiff observed that an updated Employee Handbook (Revised November 1, 2024) had been uploaded to the employer's employee portal. The handbook included updated definitions related to sexual harassment and continued to direct employees to report concerns to the Chief People Officer. Plaintiff also observed that the Chief People Officer's profile was no longer available on the company's website. Plaintiff observed discrepancies in the handbook file information, including differing file naming and document title information, as well as meta data

showing creation and modification dates of November 21, 2024, compared to the stated revision date of November 1, 2024. Plaintiff further observed that additional internal policy documents, including a Prevention of Sexual Harassment policy and a Whistleblower policy marked "For Internal Use Only," appeared on the employee portal. These documents were later removed from the portal.

On April 16, 2025, approximately 137 days after Plaintiff's initial email to the Chief People Officer, a local HR representative contacted Plaintiff by telephone regarding her prior inquiry about reporting sexual assault. The HR representative requested that Plaintiff proceed with making a report. Plaintiff requested that communications be conducted in writing rather than by telephone. The HR representative subsequently sent an email to initiate the reporting process. Plaintiff observed that her two prior emails to the Chief People Officer were included in the email chain forwarded to local HR.

Plaintiff received a Right to Sue letter from the Equal Employment Opportunity Commission on February 11, 2026. On April 5, 2026, during her work shift, she reported an operational issue involving a suspected scanning malfunction and other flight-related issues. Plaintiff communicated the issue to management and followed instructions provided by flight crew personnel. Plaintiff was later issued a Final Corrective Action related to the incident.

4.

### Legal Causes of Action

Sexual harassment
Hostile Work Environment
Retaliation
Whistleblower retaliation
Assault / battery
Negligence

5.  For any other relief the court feels is fair and equitable.

Based on the complaints above, Plaintiff demands the following relief:

1.

Plaintiff respectfully requests Equitable Relief, an order declaring Plaintiff elidgible for permanent retiree flight privileges as legacy employee of DAL Global Services, LLC, acknowledging her 9 years and 9 months of service as sufficient for vesting due to Defendant's retaliatory interference and further, an order permitting Plaintiff to immediately server her employment without loss of benefits, as hostile work envirnment and ongoing retaliation have become intolerable and untenable for her safety and well-

being.

2. _____

Plaintiff seeks compensatory damages, punitive damages where permitted by law, as well as any other relief the Court deems just and proper.

3. _____

Treble damages.

4. _____

_____

_____

_____

*Add another page if more space is needed. Do not use the back of the paper.*

## Acknowledgment

By presenting this form to the court, I certify that to the best of my knowledge, information, and belief, the following statements are true. I understand that if a statement is not true, the court can order a penalty against me (such as to pay money to the other party, pay court costs, and/or other penalties).

1. The information I included in this form is based on facts and supported by existing law.

2. I am not presenting this form for any improper purpose. I am not using this form to:

    a. Harass anyone;

    b. Cause unnecessary delay in the case; or

    c. Needlessly increase the cost of litigation.

3. No judicial officer has said I am a frivolous litigant.

4. There is no court order saying I cannot serve or file this form.

5. This form does not contain any "restricted identifiers" or confidential information as defined in Rule 11 of the General Rules of Practice (https://www.revisor.mn.gov/court_rules/gp/id/11/) or the Rules of Public Access to Records of the Judicial Branch (https://www.revisor.mn.gov/court_rules/rule/ra-toh/).

6. If I need to file "restricted identifiers," confidential information, or a confidential document, I will use Form 11.1 and/or Form 11.2, as required by Rule 11.

Dated:        April 15, 2026

Signature

Name:              Jane Doe

Address:           P .O. Box 3904

City/State/Zip:    Saint Paul, MN 55101-9909

Phone:             651-371-7370

Email:             17370@proton.me