# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Jane Doe,

      Plaintiff,

v.

Unifi Aviation, LLC
*formerly known as*
DAL Global Services, LLC,

      Defendant.

Case No. 26-cv-02655 (DWF/ECW)

**ORDER**

---

This case is before the Court on Plaintiff's Motion to Proceed Under Pseudonym (Dkt. 22).  For the reasons set forth below, the Motion is granted.

## I.    BACKGROUND

Plaintiff initiated this action in state court on April 17, 2026, and served Defendant with an Amended Complaint on May 8, 2026.  (Dkt. 1 at 2.)  The Amended Complaint alleges that Defendant Unifi Aviation, LLC, Plaintiff's employer, violated Title VII of the Civil Rights Act of 1964 and the Minnesota Human Rights Act when it mishandled her complaint regarding sexual harassment and sexual assault by a coworker.  (*See generally* Dkt. 1-2.)  Plaintiff filed a motion to proceed under a pseudonym in state court, and the original Complaint and the Amended Complaint both identified Plaintiff as "Jane Doe."  (Dkt. 1-3 at 2-4; Dkt. 1-1 at 4; Dkt. 1-2 at 4.)

On May 18, 2026, Defendant removed this case to federal court.  (Dkt. 1.)  On May 22, 2026, Plaintiff, who is pro se, filed an Affidavit in Support of Motion to Proceed

under Pseudonym along with a Statement of Facts in support of the same.  (Dkts. 8, 9.)

The Court denied the Motion without prejudice to Plaintiff refiling a motion for relief that

complied with Local Rule 7.1.  (Dkt. 12.)  On May 26, Defendant filed a Motion to

Dismiss the Amended Complaint.  (Dkt. 13.)

On June 4, 2026, Petitioner filed the present Motion to Proceed Under

Pseudonym.  (Dkt. 22.)  Defendant opposes the Motion.  (Dkt. 33.)  The Court held a

hearing on the Motion on July 6, 2026.  (Dkt. 43.)  The Motion is now ripe for decision.

## II.    LEGAL STANDARD

The Federal Rules of Civil Procedure require pleadings to contain the names of all

parties.  Fed. R. Civ. P. 10(a).  "Federal courts disfavor the use of fictitious names in

legal proceedings" because "[t]he use of fictitious names runs afoul of the public's First

Amendment interest in public proceedings and their common law right of access thereto."

*Cajune v. Indep. Sch. Dist. 194*, 105 F.4th 1070, 1076 (8th Cir. 2024).

"Despite this constitutionally-embedded presumption of openness in judicial

proceedings, federal courts have allowed parties to proceed under pseudonyms in

certain limited circumstances."  *Id.* at 1076-77.  The Eighth Circuit has held that "a party

may proceed under a fictitious name only in those limited circumstances where the

party's need for anonymity outweighs countervailing interests in full disclosure."  *Id.* at

1077.  In setting forth this standard, the Eighth Circuit explained that:

> courts have allowed plaintiffs to use fictitious names to protect the privacy
> of vulnerable parties, such as children and rape victims. *See Blue Cross*, 112
> F.3d at 872. In contrast, courts have declined to allow plaintiffs to proceed
> pseudonymously where plaintiffs feared they would face disapproval by

2

many in their community if they prosecuted the case under their real name. *See, e.g.*, *Frank*, 951 F.2d at 324.

*Id.*

Relevant, non-exhaustive factors that weigh in favor of anonymity include the fact that: "(1) the party seeking anonymity was challenging government activity; (2) identification threatened to reveal information of a sensitive and highly personal nature; and (3) a party would be required, absent anonymity, to admit an intention to engage in illegal conduct, thereby risking criminal prosecution." *Id.* Relevant, non-exhaustive factors that weigh against anonymity include "whether the party's requested anonymity poses a unique threat of fundamental unfairness to the defendant, whether the public's interest in the case is furthered by requiring that the litigants disclose their identities, and whether there exist alternative mechanisms that could protect the confidentiality of the litigants." *Id.* District courts must exercise discretion in weighing these competing interests. *Id.* at 1078.

### III.    ANALYSIS

Here, Plaintiff argues that anonymity is warranted in her case because "[r]equiring Plaintiff to litigate under her legal name would create a substantial risk of workplace exposure, harm to future employment opportunities, retaliation, and re-traumatization arising from the public disclosure of highly sensitive allegations" and because "Defendant already knows Plaintiff's true identity and therefore will suffer little or no prejudice if Plaintiff is permitted to proceed under the pseudonym "Jane Doe." (Dkt. 22 at 1.)

3

Defendant argues that Plaintiff's reasons for seeking anonymity do not rise to the level necessary to overcome the presumption of openness in judicial proceedings, and that other measures, such as protective orders, sealing, and redaction can adequately protect Plaintiff's privacy interests.  (Dkt. 33 at 4-5.)  Defendant also argues that "[a]llowing Plaintiff to proceed under a pseudonym would impede the public's ability to evaluate the proceedings and assess the credibility of her allegations."  (*Id.* at 6.)  Defendant confirmed at the hearing that it is aware of Plaintiff's true identity, and did not argue that allowing Plaintiff to proceed pseudonymously would in any way prejudice its ability to defend itself in this matter.

The Court begins with the factors weighing in favor of anonymity.  Here, the key factor in favor of anonymity is the "sensitive and highly personal nature" of the allegations in this matter.  *See Cajune*, 105 F.4th at 1077.  Requiring Plaintiff to proceed under her true name would publicly reveal her allegation that she is a victim of sexual assault.  Plaintiff has explained that public disclosure of these allegations would be traumatic.  (Dkt. 22 at 1.)  Defendant argues that because "Plaintiff's claims arise primarily from alleged workplace conduct and Unifi's response to her complaints, not from the underlying details of any sexual assault," no "'highly sensitive allegations' are at issue in this case."  (Dkt. 33 at 4.)  The Court disagrees that the fact that the Complaint is focused on Defendant's response to the allegation of sexual assault means that no highly sensitive allegations are at issue.  *See Doe v. Univ. of St. Thomas*, No. 16-CV-1127-ADM-KMM, 2016 WL 9307609 (D. Minn. May 25, 2016) (concluding that, in a case about an institution's handling of sexual misconduct claims, "the matters at issue are

4

of a highly sensitive and personal nature, indeed are matters of utmost intimacy.")) (citation modified)).  As the Court explained at the hearing, it is likely that the details of the alleged assault will be explored at least to some extent during the proceedings, including with respect to damages, and in any event, the existence of the alleged assault would be publicly associated with Plaintiff if the Court denies anonymity.

The Court concludes that the allegations in the Complaint are highly sensitive, and that the potential that Plaintiff will be re-traumatized by the public disclosure of her identity weighs in favor of anonymity.  *See Doe v. Haynes*, No. 4:18CV1930 HEA, 2019 WL 2450813, at *3 (E.D. Mo. June 12, 2019) ("[C]ourts now place more weight on the psychological trauma faced by victims of sexual assault, the easy public access of court records online, and the deterrent effect that 'outing' a sexual assault victim may have on other victims."); *Doe v. Sutton*, No. 4:23-CV-01312-SEP, 2025 WL 871656, at *4 (E.D. Mo. Mar. 20, 2025) (same) (quoting *Haynes*).  Indeed, the Eighth Circuit identified "rape victims" among the vulnerable parties who may be entitled to anonymity.  *Cajune*, 105 F.4th at 1077.  The Court further concludes that other measures, such as sealing and redacting documents, would not eliminate the potential harm to Plaintiff from being publicly identified as the victim of an alleged sexual assault.

Turning to factors weighing against anonymity, the Court concludes as an initial matter that Plaintiff's public anonymity does not prejudice Unifi's ability to defend its case, as it knows Plaintiff's true identity.  Defendant essentially concedes as much. Defendant suggests that the "asymmetry" that would result from Defendant, but not Plaintiff, being publicly identified, weighs against allowing anonymity.  (Dkt. 33 at 6.)

5

The Court disagrees that such "asymmetry," which exists in every case where one party proceeds under a pseudonym, is a factor in this analysis. *See Cajune*, 105 F.4th at 1077 (noting that "whether the party's requested anonymity poses a *unique* threat of fundamental unfairness to the defendant" is a relevant factor) (emphasis added).

Defendant also argues that "[a]llowing Plaintiff to proceed under a pseudonym would impede the public's ability to evaluate the proceedings and assess the credibility of her allegations." (Dkt. 33 at 6.) While it is true that in all cases, the public's right of access to public court proceedings creates a strong presumption against anonymity, the Court is not aware of any reason why the public's interest in Plaintiff's identity and credibility in *this case* is particularly high. *Cf. Doe v. University of St. Thomas*, 2016 WL 9307609, at *3 ("Here, the public is rightly interested in issues of sexual violence on campus, the response of schools to that violence, both generally and even in specific cases, and the use of litigation to address the alleged failures of that response. However, in general none of these ends are furthered by knowing which college student brought a particular lawsuit as opposed to knowing simply that some college student did so.").

Considering all of these factors, the Court concludes that on the record before the Court at this stage in the proceedings, the *Cajune* factors weigh in favor of allowing anonymity. However, as the Court explained at the hearing, it is possible that this balance will shift as this matter proceeds. *See id.* at 4 ("In this case, on the record now before the Court, the required analysis weighs in favor of allowing Mr. Doe to proceed by pseudonym. However, should that balance shift at a later stage in the proceedings, the University of St. Thomas is free to reopen the issue."). Accordingly, Plaintiff's Motion

6

to Proceed Under Pseudonym is granted without prejudice to Defendant's ability to reopen the issue if future developments shift the balance of the relevant factors.

## IV.   ORDER

Based on the files, records, and proceedings herein, **IT IS ORDERED** that: Plaintiff's Motion to Proceed Under Pseudonym (Dkt. 22) is **GRANTED** without prejudice to Defendant's ability to reopen the issue if future developments shift the balance of the relevant factors.

Dated: August 5, 2026                    *s/Elizabeth Cowan Wright*
                                         Elizabeth Cowan Wright
                                         United States Magistrate Judge

7